**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Minnesota Minority Trades Council, and Bush Companies,

Plaintiffs,

v.

Nancy Daubenberger, *in her official capacity as Commissioner of the Minnesota Department of Transportation*; Robin Hutcheson, *in her official capacity as Chair of the Metropolitan Council*; Commissioner of the Minnesota Department of Administration; and the State of Minnesota,

Defendants.

Civ. No. 26-3917 (JWB/DJF)

**ORDER**
**DISMISSING CASE**

---

The Minnesota Minority Trades Council and Bush Companies ("Plaintiffs") filed a pro se Complaint against the above-named Defendants. (Doc. No. 1.) In the Complaint, Plaintiffs do not indicate how this Federal Court has subject matter jurisdiction.

Subject matter jurisdiction is a threshold requirement to litigate in federal-court because without it, a federal court cannot hear a case. *See, e.g.*, *Cath. Mut. Relief Soc'y of Am. v. Arrowood Indem. Co.*, 334 F. Supp. 3d 986, 992 (D. Minn. 2018). Subject matter jurisdiction must be examined, even if no party has raised the issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Nyffeler Const., Inc. v. Sec'y of Lab.*, 760 F.3d 837, 841 (8th Cir. 2014). It is Plaintiffs' burden to establish subject matter jurisdiction. *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).

Here, the Complaint is bare. The Jurisdiction section contains two check-boxes for indicating the basis for federal court jurisdiction—"Federal Question" or "Diversity of Citizenship." Plaintiffs did not check either box. (*Id.* at 3.) In paragraphs 4 and 5, where Plaintiffs are to explain the basis for jurisdiction, they wrote "N/A." (*Id.*) Plaintiffs also wrote "N/A" in the area designated to provide the facts supporting the claims. (*Id.* at 4.)

It is apparent that subject matter jurisdiction cannot exist in this case under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when the parties reside in different states, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a). The Complaint states that both Plaintiffs and Defendants are Minnesota residents (Doc. No. 1 at 1–2), so diversity of citizenship is not present.

If relying on the "federal question" statute, 28 U.S.C. § 1331, for subject matter jurisdiction, the federal question must be presented on the face of the Complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Oglala Sioux Tribe v. C & W Enters., Inc.,* 487 F.3d 1129, 1131 (8th Cir. 2007) (stating that a court considers "a claim to have arisen under federal law if a federal cause of action appears on the face [of] a well-pleaded complaint"). With no allegations in the Complaint, Plaintiffs have not shown that subject matter jurisdiction exists, and this case must be summarily dismissed. *See* Fed. R. Civ. P. 12(h)(3).

This case will therefore be dismissed without prejudice. Plaintiffs are reminded that, if they choose to refile, a corporation or other artificial business entity cannot appear pro se; it may only appear through counsel. *Rowland v. California Men's Colony, Unit II*

*Men's Advisory Council*, 506 U.S. 194, 202 (1993) (stating that courts typically do not allow associations, corporations, and other "artificial entities" to appear in court without an attorney); *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993).

**ORDER**

For these reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Complaint (Doc. No. 1) is summarily **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

2. Plaintiffs' Motion for Temporary Restraining Order (Doc. No. 2) is **DENIED AS MOOT**.

3. Plaintiffs' Motion for Leave to Supplement the Record (Doc. No. 11) is **DENIED AS MOOT**.

Date: September 10, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge